**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Assal Assassi, Esq. (SBN: 274249)
assal@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa CA, 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Mohammad Sarabi

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MOHAMMAD SARABI, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**CITIBANK, N.A., and BEST BUY CO., INC.,**<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

*(left margin, vertical)* Kazerouni Law Group, APC — Costa Mesa, California

**INTRODUCTION**

1. MOHAMMAD SARABI ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of CITIBANK, N.A. ("Citi" and/or "Defendants") and BEST BUY CO., INC. ("Best Buy" and/or "Defendants") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Kazerouni Law Group, APC
Costa Mesa, California

*Id.* at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that *automated* or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744 (emphasis added.)

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. The Ninth Circuit recently affirmed certification of a TCPA class case similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, ___ F.3d___, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

### JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because the harm to Plaintiff occurred in the County of Orange, State of California, and Defendants are

Kazerouni Law Group, APC
Costa Mesa, California

subject to personal jurisdiction in the County of Orange, State of California as they each conduct business there.

### PARTIES

9. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the County of Orange, State of California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Plaintiff is informed and believes, and thereon alleges, that Citi is, and at all times mentioned herein was a national banking association, and a corporation incorporated in the State of Delaware, with its principal place of business in the State of New York.

11. Plaintiff is informed and believes, and thereon alleges, that Best Buy is, and at all times mentioned herein was, a global retailer and developer of technology products and services, and a corporation incorporated in the State of Minnesota, with its principal place of business in the State of Minnesota.

12. Defendants, are and at all times mentioned herein were, each a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

13. Plaintiff alleges that at all times relevant herein, Defendants conducted business in the State of California and in the County of Orange, and within this judicial district.

### FACTUAL ALLEGATIONS

14. Beginning on or about April 4, 2014, Citi began contacting Plaintiff on Plaintiff's cellular telephone number ending in 0370 via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

15. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

Kazerouni Law Group, APC
Costa Mesa, California

16. Specifically, Citi contacted Plaintiff's cellular telephone ending in 0370 via such means on at least the following dates:

   a. On or about April 4, 2014;

   b. On or about April 5, 2014;

   c. On or about April 6, 2014;

   d. On or about April 7, 2014;

   e. On or about April 8, 2014;

   f. On or about April 9, 2014;

   g. On or about April 10, 2014;

   h. On or about April 11, 2014;

   i. On or about April 12, 2014;

   j. On or about April 14, 2014;

   k. On or about April 15, 2014;

   l. On or about April 16, 2014;

   m. On or about April 17, 2014;

   n. On or about April 18, 2014; and

   o. On or about April 19, 2014

17. For the April 4, 2014 automated call to Plaintiff's cellular telephone, Citi left a prerecorded message on Plaintiff's voicemail which stated the following:

> This is an important message from Citi for [unintelligible], about your My Best Buy Credit Card account. We're sorry we missed you. Please call 855-501-3051 and enter your personal key code 680444 to hear your message in our automated system 24 hours a day, 7 days a week. Thank you from Citi. You may also access your account information online at www.bestbuy.accountonline.com.

Kazerouni Law Group, APC
Costa Mesa, California

18. For the April 5, 2014 automated call to Plaintiff's cellular telephone, Citi left a prerecorded message on Plaintiff's voicemail which stated the following:

> This is an important message from Citi for [unintelligible], about your My Best Buy Credit Card account. We're sorry we missed you. Please call 855-501-3051 and enter your personal key code 864184 to hear your message in our automated system 24 hours a day, 7 days a week. Thank you from Citi. You may also access your account information online at www.bestbuy.accountonline.com.

19. For the April 6, 2014 automated call to Plaintiff's cellular telephone, Citi left a prerecorded message on Plaintiff's voicemail which stated the following:

> This is an important message from Citi for [unintelligible], about your My Best Buy Credit Card account. We're sorry we missed you. Please call 855-501-3051 and enter your personal key code 256225 to hear your message in our automated system 24 hours a day, 7 days a week. Thank you from Citi. You may also access your account information online at www.bestbuy.accountonline.com.

20. For the April 7, 2014 automated call to Plaintiff's cellular telephone, Citi left a prerecorded message on Plaintiff's voicemail which stated the following:

> This is an important message from Citi for [unintelligible], about your My Best Buy Credit Card account. We're sorry we missed you. Please call 855-501-3051 and enter your personal key code 833999 to hear your message in our automated system 24 hours a day, 7 days a week. Thank you from Citi. You may also access your account information online at www.bestbuy.accountonline.com.

Kazerouni Law Group, APC
Costa Mesa, California

Kazerouni Law Group, APC
Costa Mesa, California

21. For the April 8, 2014 automated call to Plaintiff's cellular telephone, Citi left a prerecorded message on Plaintiff's voicemail which stated the following:

> This is an important message from Citi for [unintelligible], about your My Best Buy Credit Card account. We're sorry we missed you. Please call 855-501-3051 and enter your personal key code 357387 to hear your message in our automated system 24 hours a day, 7 days a week. Thank you from Citi. You may also access your account information online at www.bestbuy.accountonline.com.

22. For the April 9, 2014 automated call to Plaintiff's cellular telephone, Citi left a prerecorded message on Plaintiff's voicemail which stated the following:

> This is an important message from Citi for [unintelligible], about your My Best Buy Credit Card account. We're sorry we missed you. Please call 855-501-3051 and enter your personal key code 314452 to hear your message in our automated system 24 hours a day, 7 days a week. Thank you from Citi. You may also access your account information online at www.bestbuy.accountonline.com.

23. For the April 10, 2014 automated call to Plaintiff's cellular telephone, Citi left a prerecorded message on Plaintiff's voicemail which stated the following:

> This is an important message from Citi for [unintelligible], about your My Best Buy Credit Card account. We're sorry we missed you. Please call 855-501-3051 and enter your personal key code 264615 to hear your message in our automated system 24 hours a day, 7 days a week. Thank you from Citi. You may also access your account information online at www.bestbuy.accountonline.com.

24. For the April 11, 2014 automated call to Plaintiff's cellular telephone, Citi left a prerecorded message on Plaintiff's voicemail which stated the following:

> This is an important message from Citi for [unintelligible], about your My Best Buy Credit Card account. We're sorry we missed you. Please call 855-501-3051 and enter your personal key code 007356 to hear your message in our automated system 24 hours a day, 7 days a week. Thank you from Citi. You may also access your account information online at www.bestbuy.accountonline.com.

25. For the April 12, 2014 automated call to Plaintiff's cellular telephone, Citi left a prerecorded message on Plaintiff's voicemail which stated the following:

> This is an important message from Citi for [unintelligible], about your My Best Buy Credit Card account. We're sorry we missed you. Please call 855-501-3051 and enter your personal key code 677885 to hear your message in our automated system 24 hours a day, 7 days a week. Thank you from Citi. You may also access your account information online at www.bestbuy.accountonline.com.

26. For the April 14, 2014 automated call to Plaintiff's cellular telephone, Citi left a prerecorded message on Plaintiff's voicemail which stated the following:

> This is an important message from Citi for [unintelligible], about your My Best Buy Credit Card account. We're sorry we missed you. Please call 855-501-3051 and enter your personal key code 092310 to hear your message in our automated system 24 hours a day, 7 days a week. Thank you from Citi. You may also access your account information online at www.bestbuy.accountonline.com.

27. For the April 15, 2014 automated call to Plaintiff's cellular telephone, Citi left a prerecorded message on Plaintiff's voicemail which stated the following:

> This is an important message from Citi for [unintelligible], about your My Best Buy Credit Card account. We're sorry we missed you. Please call 855-501-3051 and enter your personal key code 867214 to hear your message in our automated system 24 hours a day, 7 days a week. Thank you from Citi. You may also access your account information online at www.bestbuy.accountonline.com.

28. For the April 16, 2014 automated call to Plaintiff's cellular telephone, Citi left a prerecorded message on Plaintiff's voicemail which stated the following:

> This is an important message from Citi for [unintelligible], about your My Best Buy Credit Card account. We're sorry we missed you. Please call 855-501-3051 and enter your personal key code 733517 to hear your message in our automated system 24 hours a day, 7 days a week. Thank you from Citi. You may also access your account information online at www.bestbuy.accountonline.com.

29. For the April 17, 2014 automated call to Plaintiff's cellular telephone, Citi left a prerecorded message on Plaintiff's voicemail which stated the following:

> This is an important message from Citi for [unintelligible], about your My Best Buy Credit Card account. We're sorry we missed you. Please call 855-501-3051 and enter your personal key code 988248 to hear your message in our automated system 24 hours a day, 7 days a week. Thank you from Citi. You may also access your account information online at www.bestbuy.accountonline.com.

30. For the April 18, 2014 automated call to Plaintiff's cellular telephone, Citi left a prerecorded message on Plaintiff's voicemail which stated the following:

> This is an important message from Citi for [unintelligible], about your My Best Buy Credit Card account. We're sorry we missed you. Please call 855-501-3051 and enter your personal key code 704867 to hear your message in our automated system 24 hours a day, 7 days a week. Thank you from Citi. You may also access your account information online at www.bestbuy.accountonline.com.

31. For the April 19, 2014 automated call to Plaintiff's cellular telephone, Citi left a prerecorded message on Plaintiff's voicemail which stated the following:

> This is an important message from Citi for [unintelligible], about your My Best Buy Credit Card account. We're sorry we missed you. Please call 855-501-3051 and enter your personal key code 668854 to hear your message in our automated system 24 hours a day, 7 days a week. Thank you from Citi. You may also access your account information online at www.bestbuy.accountonline.com.

32. At no time did Plaintiff enter into a business relationship with Defendants.

33. At no time did Plaintiff provide Plaintiff's cellular telephone number ending in 0370 to Defendants through any medium.

34. Defendants obtained Plaintiff's contact information through unknown means.

35. At the time the prerecorded voice telephone calls placed via an ATDS were received by Plaintiff on Plaintiff's cellular telephone, Plaintiff was present in the County of Orange, State of California.

Kazerouni Law Group, APC
Costa Mesa, California

36. Upon information and belief, Defendants were attempting to collect a debt from someone other than Plaintiff by means of the autodialed call. Plaintiff does not know the person that Defendants were attempting to contact in an attempt to collect a debt.

37. The telephone number Citi called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

38. The telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

39. Plaintiff did not provide Defendants or their agents prior express consent to receive calls to his cellular telephone utilizing an ATDS, pursuant to 47 U.S.C. § 227 (b)(1)(A).

40. The telephone calls by Citi, or its agent, violated 47 U.S.C. § 227(b)(1).

### CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

42. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call/s from Defendants or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or pre-recorded voice, which call was not made for emergency purposes, within the four years prior to the filing of the Complaint.

43. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

Kazerouni Law Group, APC
Costa Mesa, California

44. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS and/or an artificial or pre-recorded voice, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

45. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

46. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendants' records or Defendants' agents' records.

47. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a)    Whether, within the four years prior to the filing of the Complaint, Defendants or their agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any

Kazerouni Law Group, APC
Costa Mesa, California

automatic dialing system and/or an artificial or pre-recorded voice, to any telephone number assigned to a cellular phone service;

b)    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and,

c)    Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

48. As a person who received at least one telephonic communication from Defendants' ATDS without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

49. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

50. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

51. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

Kazerouni Law Group, APC
Costa Mesa, California

52. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

55. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

59. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in

Kazerouni Law Group, APC
Costa Mesa, California

statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

60. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

//
//
//

*Kazerouni Law Group, APC*
*Costa Mesa, California*

## TRIAL BY JURY

61. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 9, 2014

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  ____/s/  Assal Assassi____
      Abbas Kazerounian
      Assal Assassi
      ATTORNEYS FOR PLAINTIFF