STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
MARCOS D. SASSO (State Bar No. 228905)
ARJUN P. RAO (State Bar No. 265347)
2029 Century Park East, Suite 1800
Los Angeles, California  90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
lacalendar@stroock.com

Attorneys for Defendant
   CITIBANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD SARABI, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CITIBANK, N.A., and BEST BUY CO., INC.,<br><br>                    Defendants. | Case No.  8:14-cv-00727-AG-DFM<br><br>Assigned to the Hon. Andrew J. Guilford<br><br>**OBJECTION/RESPONSE OF DEFENDANT CITIBANK, N.A. TO PLAINTIFF'S NOTICE OF RECENT AUTHORITY** |

LA 51813380

1   Defendant Citibank, N.A. ("Citi") hereby objects to the Notice of Recent
2 Authority filed by Plaintiff Mohammad Sarabi ("Plaintiff") on November 18, 2014
3 (the "Notice"). (Dkt. No. 29.) Initially, the filing is procedurally improper as
4 Plaintiff failed to seek leave of Court to submit new argument and/or authority in
5 support of his Opposition which has been fully briefed, argued and submitted to this
6 Court for decision. See In Re Toyota Motor Corp. Unintended Acceleration
7 Marketing, Sales Practices, and Marketing and Products Liability Litigation, 838 F.
8 Supp. 2d 967, 971 n. 1 (C.D. Cal. 2012) (noting that "Notice of Recent Authority"
9 filed after the briefing provided for in the Local Rules was "unauthorized"). Based
10 on his failure to seek leave of Court alone, Citi respectfully requests this Court strike
11 the Notice in its entirety.

12   Assuming Plaintiff had sought leave of Court, the Notice does not impact the
13 issue currently pending before this Court. In Knutson v. Sirius XM Radio Inc., No.
14 12-56120 (9th Cir. Nov. 10, 2014), the Ninth Circuit reversed the district court's
15 granting of defendant's motion to compel arbitration. In reversing the decision, the
16 ninth Circuit held that "[defendant] has failed to prove by a preponderance of the
17 evidence the existence of an agreement to arbitrate." Knutson, slip op. at 20. No
18 other grounds were relied upon by the Ninth Circuit in reversing the district court's
19 order.

The issue identified by the Ninth Circuit – contract formation – is <u>not</u> at issue here.  Instead, as this Court will recall, the issue to be decided is whether Plaintiff's provision of his telephone number to Citi in connection with at least two separate credit card accounts, and Citi's subsequent use of that telephone number, falls within the scope of the written Arbitration Agreement entered into between the parties. Accordingly, this Court should disregard the Notice as <u>Knutson</u> does not address the issue before this Court.

Dated:  November 24, 2014

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
MARCOS D. SASSO
ARJUN P. RAO

By:     /s/ Marcos D. Sasso
        Marcos D. Sasso

Attorneys for Defendant
CITIBANK, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2014, a copy of the foregoing **OBJECTION/RESPONSE OF DEFENDANT CITIBANK, N.A. TO PLAINTIFF'S NOTICE OF RECENT AUTHORITY** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

/s/ Marcos D. Sasso
Marcos D. Sasso